UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLO GAMBINO,

   Plaintiff,

-VS-

CASE NO.:

6:15-cv-629-ORL-

CENTRAL FLORIDA INVESTMENTS,
INC., d/b/a WESTGATE RESORTS,

   Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The current principal place of business of Defendant is in Orlando, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(1), as it is the judicial district in the State where the Defendant resides.

## FACTUAL ALLEGATIONS

4. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

5. Plaintiff is a natural person, and citizen of the State of South Carolina, residing in Horry County, South Carolina

1

6. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

7. Defendant is a corporation which was formed in Florida with its principal place of business at 5601 Windhover Drive, Orlando, Florida, 32819.

8. Plaintiff is the regular user and carrier of the cellular telephone number (843) 424-4713 the called party and recipient of Defendant's hereinafter described calls.

9. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

10. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

11. Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

12. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

13. In or about 2009, Plaintiff began receiving calls to his aforementioned cellular telephone from Defendant seeking to recover a debt from Plaintiff.

14. In or about 2009, immediately upon receipt of the calls from Defendant, Plaintiff answered a call from Defendant, received Defendant's pre-recorded message, followed the prompt to be connected to a live representative and informed an agent/representative of Defendant that he disputed the charges, that he was no longer interested in their products, and demanded that the Defendant stop calling him.

15. During the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

16. From about 2009 through the filing of this Complaint (or such time as will be established after a thorough review of Defendants' records), despite Plaintiff's repeated, daily demands that Defendant stop calling his aforementioned cellular telephone number, Defendant continued its campaign of abuse, calling every day, multiple times a day in an attempt to collect a debt.

17. From about January of 2011 through the filing of this Complaint, Defendant has placed approximately four thousand (4,000) calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing a non-exclusive call log from January 2, 2014 through October 8, 2014).

18. On over 100 occasions, Plaintiff has answered Defendant's call, received Defendant's pre-recorded message, followed the prompt to be connected to a live representative, and demanded that Defendant stop calling him.

19. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having his express permission to call his aforementioned cellular telephone number.

20. Defendant continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite not having his express permission to do so.

21. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

3

22. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have believed they had.

23. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals demanding that the Defendant stop calling them.

24. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

25. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

26. Defendant violated the TCPA with respect to the Plaintiff.

27. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

28. Plaintiff incorporates Paragraphs one through twenty-seven (27).

29. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

30. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Respectfully Submitted,

*s/Amanda Allen*
Amanda Allen, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
JEstrada@ForThePeople.com